# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JENNA HUMPHERY and <br> JEREMY HUMPHERY, <br><br> Plaintiffs, <br><br> v. <br><br> HART XPRESS, INC. and <br> GARVIS GENE DIXON, <br><br> Defendants. | Case No. 3:19-CV-00669 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE BROWN |

## ANSWER TO COMPLAINT

COME NOW the Defendant, Hart Xpress, Inc. and Garvis Gene Dixon, (hereinafter referred to as "Answering Defendants") and for answer to the Complaint filed herein against them would respectfully show to the Court that:

1. Answering Defendants allege they are without knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the residency and status of the Plaintiffs as set forth in paragraph 1 of the Complaint and, therefore, deny same.

2. In response to paragraph 2 of the Complaint, Answering Defendants admits that Defendant Hart owned the 2018 Kenworth tractor-trailer as described in the Complaint. Further, Answering Defendants specifically deny that they were guilty of any act of negligence that either caused or contributed to the accident described in the Complaint.

3. Answering Defendants admit that Hart Xpress, Inc. is a properly authorized corporation within the state of Tennessee and that service of process is proper in this case as alleged in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint are admitted.

5. The allegations in paragraph 5 concerning the residency and status of Defendant Dixon are admitted.

6. Answering Defendants admit the allegations in paragraph 6 of the Complaint in so far as Defendant Dixon was Defendant Hart's employee, but deny that they are liable to the Plaintiffs under any theory of law or fact.

7. Answering Defendants admit the allegations in paragraph 7 of the Complaint in so far as Defendant Dixon was Defendant Hart's employee. Answering Defendants deny the remaining allegations contained in paragraph 7 of the Complaint on the basis that they deny that Defendant Dixon was negligent or that he caused or contributed to the accident described in the Complaint.

8. Answering Defendants admit the allegations in paragraph 8 of the Complaint in so far as Defendant Dixon was Defendant Hart's employee. Answering Defendants deny the remaining allegations contained in paragraph 8 of the Complaint on the basis that they deny that Defendant Dixon was negligent or that he caused or contributed to the accident described in the Complaint.

9. Answering Defendants admit that jurisdiction is proper as alleged in paragraph 9 of the Complaint. However, Answering Defendants submit that they have removed this matter to the United States District Court for the Middle District of Tennessee, Nashville Division pursuant to 28 U.S.C. § 1446(a).

10. Answering Defendants admit that venue is proper as alleged in paragraph 10 of the Complaint. However, Answering Defendants submit that they have removed this matter to the United States District Court for the Middle District of Tennessee, Nashville Division pursuant to 28 U.S.C. § 1446(a).

11. Answering Defendants admit that the provisions of 49 CRF §§301-399, as described in paragraph 11 of the Complaint, were in effect at the time of the alleged incident, but deny that they violated any of those regulations.

12. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of and of the allegations concerning the conduct of the Plaintiff, as set forth in paragraph 12 of the Complaint and, therefore, deny same.

13. Answering Defendants admit the allegations as described in paragraph 13 of the Complaint, but deny that Defendant Hart was negligent or that he caused or contributed to the accident described in the Complaint.

14. The allegations in paragraph 14 of the Complaint are admitted.

15. The allegations in paragraph 15 of the Complaint are denied.

16. The allegations in paragraph 15 of the Complaint are denied.

17. The allegations in paragraph 17 of the Complaint are denied.

18. The allegations in paragraph 18 of the Complaint are denied.

19. The allegations in paragraph 19 of the Complaint are denied.

20. Answering Defendants admit the allegations as described in paragraph 20 of the Complaint concerning ownership of the tractor-trailer but deny that they are liable to the Plaintiffs under any theory of law or fact.

21. Answering Defendants admit that the provisions of 49 CRF §§301-399, as described in paragraph 21 of the Complaint, were in effect at the time of the alleged incident, but deny that they violated any of those regulations.

22. Answering Defendants admit the allegations as described in paragraph 22 of the Complaint, but deny that Defendant Hart was negligent or that he caused or contributed to the accident described in the Complaint.

23. Answering Defendants deny that they were guilty of any negligence and specifically and categorically deny that they were guilty of the specific acts of negligence described in subparts (a) through (g) in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint are denied.

25. Answering Defendants admit and acknowledge the risks associated with driving a vehicle as set forth in paragraph 25 of the Complaint, but deny that they were guilty of dishonoring any of those risks as alleged in subparts (a) through (f) in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint are denied.

27. The allegations in paragraph 27 of the Complaint are denied.

28. Answering Defendants deny that Defendant Dixon was guilty of any negligence and specifically and categorically deny that he was guilty of the specific acts of negligence described in subparts (a) through (e) in paragraph 28 of the Complaint.

29. Answering Defendants admit that the statutes of the state of Tennessee, as set forth in paragraph 29 of the Complaint, were in full force and effect at all times described in the Complaint but deny that Answering Defendants violated any of said statutes as described in subparts (a) through (b) in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint are denied.

31. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the Plaintiff Jenna Humphery's injuries, damages, and/or losses as described in paragraph 31 of the Complaint and, therefore, deny same.

32. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the Plaintiff Jeremey Humphery's injuries, damages, and/or losses as described in paragraph 32 of the Complaint and, therefore, deny same.

33. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning the Plaintiff Jeremey Humphery's injuries, damages, and/or losses as described in paragraph 33 of the Complaint and, therefore, deny same.

34. Answering Defendants deny that they are liable to the Plaintiffs under any theory of law or fact.

35. To the extent Plaintiffs' prayer for relief requires a response, denied.

## **AFFIRMATIVE DEFENSES**

1. Any allegation in Plaintiffs' Complaint not admitted, denied, explained, or otherwise qualified is hereby denied.

2. Answering Defendants deny that the Plaintiffs are entitled to recover any sum of money from them under any theory of recovery.

3. Answering Defendants deny that they acted negligently, recklessly, or intentionally or that they proximately caused any injury to the Plaintiffs that otherwise would not have occurred.

4. Answering Defendants deny that they violated any law and regulation applicable to them, and aver that they complied with industry standards at all times described in the Complaint.

5. Answering Defendants deny that their allegedly wrongful acts or omissions were a legal cause of the Plaintiffs' alleged injuries and specifically asserts the defense of independent, intervening, or superseding cause.

6. Answering Defendants assert the defense of comparative fault against the Plaintiff.

7. Answering Defendants assert they are entitled to the caps on damages and other protections under The Tennessee Civil Justice Act of 2011, specifically those found at Tenn. Code Ann. § 29-39-101, *et seq.*

8. Defendant Dixon was faced with a sudden emergency and submits that, under the circumstances, he acted as a reasonably careful and prudent person placed in the same or similar situation. As such, Answering Defendants submit that the sudden emergency doctrine, as adopted in Tennessee, applies to the issues herein and limits and/or bars any potential recovery of the Plaintiffs from the Answering Defendants.

9. Discovery is ongoing and incomplete and, therefore, Answering Defendants reserve the right to amend this Answer as may be warranted by further discovery and investigation.

And now, having fully answered the Plaintiffs' Complaint and each and every numbered paragraph contained therein, Hart Xpress, Inc. and Garvis Gene Dixon pray that this cause be dismissed and that they be allowed to go hence with their reasonable costs.

6

Case 3:19-cv-00669 Document 6 Filed 08/26/19 Page 6 of 7 PageID #: 31

HART XPRESS, INC. AND GARVIS GENE DIXON DEMAND A JURY OF TWELVE (12) TO TRY THE ISSUES HEREIN WHEN JOINED.

Respectfully submitted,

SHUTTLEWORTH PLLC

BY: _/s/ Brandi D. Randesi_____
KENNETH R. SHUTTLEWORTH (#8870)
BRANDI D. RANDESI (#29123)
L&C Tower
401 Church Street, Suite 2700
Nashville, TN 37219
(615) 833-3390
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on this the 26th day of August, 2019, using the CM/ECF system which sent notification of this filing to all ECF registered counsel of record via e-mail generated by the Court's ECF system:

Christopher V. Boiano
Stephanie A. Boiano
*Boiano & Boiano, LLC*
115 Shivel Drive
Hendersonville, TN 37075
**Attorneys for Plaintiffs**

_____/s/ Brandi D. Randesi_____